IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MIKE SHALES, JOHN P. BRYAN, AL OROSZ, DAN BREJC, JEFFREY P. FROST, and VERN BAUMAN, as Trustees of THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, | ) ) ) ) ) | |
| and | ) ) | CIVIL ACTION |
| MIKE SHALES, JOHN P. BRYAN, AL OROSZ, JEFFREY P. FROST, VERN BAUMAN, and DAN BREJC, as Trustees of THE FOX VALLEY LABORERS' PENSION FUND, | ) ) ) ) ) | NO. JUDGE |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| JIM GEORGE & SONS, LLC, an Illinois limited liability company, | ) ) ) | |
| Defendant. | ) | |

**<u>COMPLAINT</u>**

Plaintiffs, MIKE SHALES, JOHN P. BRYAN, AL OROSZ, DAN BREJC, JEFFREY P. FROST, and VERN BAUMAN AS TRUSTEES OF THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, ("Welfare Fund"), and MIKE SHALES, JOHN P. BRYAN, AL OROSZ, JEFFREY P. FROST, VERN BAUMAN, and DAN BREJC, AS TRUSTEES OF THE FOX VALLEY LABORERS' PENSION FUND, ("Pension Fund"), by their attorneys, complaining of the Defendant, JIM GEORGE & SONS, LLC, an Illinois limited liability company, allege as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction and venue are proper under ERISA Sections 502(3)(1) and (2), 29 U.S.C. § § 1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. § § 185(a) and (c).

2. The Plaintiff Funds are multi-employer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1002(3) and (37A). The Trustees and the Funds maintain offices and conduct business within this district. The Funds are agents of The Construction and General Laborers' District Council of Chicago and Vicinity's Work Dues Fund, the Laborers-Employers Cooperation and Education Trust ("LECET"), and the Laborers' District Council Labor Management Cooperation Committee ("LDC/LMCC"), the Chicago Area Independent Construction Association ("CAICA"), the Apprenticeship Fund, the Safety Fund and CISCO Fund, (collectively, "the Affiliated Organizations"), for the purpose of collecting employer contributions and wage deductions due to these Affiliated Organizations.

3. Defendant, JIM GEORGE & SONS, LLC (hereinafter "Company"), is an Illinois limited liability company registered to do business in the state. At all relevant times, the Company was doing business within this district and was an employer within the meaning of ERISA Section 3(5), 29 U.S.C. § 1002(5) and Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

4. The Construction and General Laborers' District Council of Chicago and Vicinity ("District Council") is a labor organization with the meaning of the LMRA Section 101, 29 U.S.C. § 152(5), that maintains its principal offices in this district.

5. The District Council and the Company are now and at all relevant times have been parties to successive collective bargaining agreements (herein "Agreement") which, among other things, require the Company to make monthly contributions to the Funds on behalf of employees covered by the Agreement for health and welfare and pension benefits, and for deductions and contributions for the Affiliated Organizations; the Agreement also requires the Company to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions remitted to the Funds and Affiliated Organizations on behalf of each covered employee.

6. Pursuant to the Agreement, the Company must pay contributions for each hour worked by its employees to the Affiliated Organizations. The Company is required to remit contributions for the Affiliated Organizations along with a remittance report. Employers who fail to report and/or remit contributions are liable to pay an additional 10% in liquidated damages and all costs of collection, including reasonable audit expenses, attorneys' fees and court costs.

7. Pursuant to the Agreement, the Company must also pay contributions for each hour worked by its employees to the Funds. The Company is required to remit contributions for the Funds along with a remittance report. Employers who fail to report and/or remit contributions are liable to pay interest on the delinquent contributions, an additional 10% in liquidated damages, which increases to 20% once a lawsuit is filed, and all costs of collection, including reasonable audit expenses, attorneys' fees and court costs.

8. Pursuant to the Agreement, the Company has failed and refused to permit Plaintiffs' auditors to review its various payroll records for the time period December 1, 2012 forward in order to verify the accuracy of its past reporting and to determine what additional contributions, if any, may be due the Plaintiffs.

9. All conditions precedent to requiring remittance of contributions and other sums to the Funds and the Affiliated Organizations have been met.

10. The Company's failure to make timely reports and contributions violates ERISA Section 515, 29 U.S.C. § 1145, and LMRA Section 301, 29 U.S.C. § 185.

11. Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), the terms of the Agreement and the Funds' and Affiliated Organizations' governing trust documents, the Company is liable to the Funds for unpaid contributions, interest, liquidated damages in the amount of 20%, prior liquidated damages, audit fees, and reasonable attorneys' fees and court costs incurred prior to and through the filing of this lawsuit.

WHEREFORE, Plaintiffs respectfully request as follows:

(a) That the Court finds the Company in violation of the Agreement;

(b) That an account be taken as to all employees of the Company covered by the collective bargaining agreement as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period for which the collective bargaining agreement is to be effective;

(c) That the Court finds the Company liable to the Funds and Affiliated Organizations for all unpaid contributions incurred prior to and after the filing of this suit plus interest, liquidated damages, audit fees, and attorneys' fees and court costs incurred prior to and through the filing of this lawsuit;

(d) That the Court enters a judgment order against the Company, directing it to pay to the Funds all unpaid contributions incurred prior to and after filing of this suit plus

        interest, liquidated damages, audit fees, and attorneys' fees and court costs incurred prior to and through the filing of this lawsuit;

(e)     That the Court orders the Company to submit all delinquent contribution reports due to the Funds for the work months of December 2012 through the present, listing the employees, hours worked, and contributions due to each Fund and the Affiliated Organizations, and further providing all information as required by the rules of the Funds and the Affiliated Organizations, to continue to submit such reports while this action is pending, and to comply with its contractual obligation to timely submit such reports in the future;

(f)     That the Court orders the Company to pay to the Funds all court costs and reasonable attorneys' fees incurred in this litigation; and,

(g)     That the Court grants to the Funds all such other legal and equitable relief as the Court deems just and proper.


                /s/   Catherine M. Chapman

Catherine M. Chapman
Attorneys for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
Bar No.: 6204026
Telephone: (312) 216-2565
Facsimile: (312) 236-0241
E-Mail: cchapman@baumsigman.com

I:\FVLJ\George, Jim & Sons\#25###\complaint.cmc.df.wpd